# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201600121

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## AUTERY DUNBAR, JR.
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson Jr., USMC.
For Appellant: Lieutenant Commander Ryan C. Mattina,
JAGC, USN.
For Appellee: Lieutenant Commander Justin C. Henderson, JAGC,
USN; Lieutenant Megan P. Marinos, JAGC, USN.

———————————

Decided 15 December 2016

———————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

At an uncontested special court-martial, the appellant was convicted of one specification of violating a lawful general order,[1] three specifications of assault consummated by battery, and one specification of adultery in violation of Articles 92, 128, and 134, Uniform Code of Military Justice

———————————

[1] Marine Corps Order 1000.9A, Sexual Harassment (30 May 06).

(UCMJ), 10 U.S.C. §§ 892, 928, and 934 (2012).[2] The military judge sentenced the appellant to 10 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant raises a single assignment of error arguing he was denied the benefit of his bargain when the Government did not pay automatic forfeitures to his wife in violation of the negotiated provision of the pretrial agreement (PTA).[3] As a remedy, the appellant asks this court to order specific performance. We disagree, find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

On 24 November 2015, the appellant and his attorney signed a PTA which was accepted by the CA on 30 November 2015. The agreement specifically addressed the deferral and waiver of automatic forfeitures as follows:

> Automatic forfeitures will be deferred *provided* that the accused establishes and maintains a dependent's allotment in the total amount of the deferred forfeiture amount *during the entire period of the deferment*. This Agreement constitutes the accused's request for, and the convening authority's approval of, deferment of automatic forfeitures pursuant to Article 58b(a)(1), UCMJ. The period of deferment will run from the date automatic forfeitures would otherwise become effective under Article 58b(a)(1), UCMJ, until the date the convening authority acts on the sentence. Further, this Agreement constitutes the accused's request for, and the convening authority's approval of waiver of automatic forfeitures. The period of waiver will run from the date the convening authority takes action on the sentence for six months.[4]

The appellant was confined for 125 days prior to his trial, from 9 August 2015 until 11 December 2015. During trial the military judge correctly explained the forfeiture provisions in detail, specifically advising the appellant that the automatic forfeiture of two-thirds pay during any period of

---

[2] Two of the Article 128, UCMJ, convictions resulted from the appellant pleading guilty to assault consummated by battery as lesser included offenses of alleged abusive sexual contact violations of Article 120, UCMJ.

[3] Pursuant to the PTA, charges originally referred to general court-martial were withdrawn and re-referred to this special court-martial. *See* Record at 10.

[4] Appellate Exhibit (AE) IV at ¶ 3(b) (emphasis added).

confinement would take effect if the appellant was adjudged a punitive discharge along with any confinement or confinement in excess of six months.[5] Furthermore, when explaining the terms and effect of the PTA, the military judge reiterated the requirement that the appellant establish a dependent allotment in order to take advantage of the automatic forfeiture protection provision of the agreement.[6] On 14 December 2015, the appellant's trial defense counsel submitted a clemency request pursuant to RULE FOR COURTS-MARTIAL 1105(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), asking the CA to disapprove all remaining confinement; the request did not discuss the automatic forfeitures.[7] The appellant reached his end of active obligated service (EAOS) in January 2016, during post-trial confinement before the CA acted on his court-martial on 21 March 2016.

## II. **DISCUSSION**

The interpretation of the meaning and effect of the terms of a PTA is a question of law, which we review *de novo. United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006). Whether or not the government has complied with the material terms of the PTA is a mixed question of fact and law. *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F 2009). When an accused pleads guilty "in reliance on promises made by the Government in a pretrial agreement, the voluntariness of that plea depends on the fulfillment of those promises by the Government." *United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971). When the government does not perform those promises, "the critical issue is whether the misunderstanding or nonperformance relates to the material terms of the agreement." *United States v. Smith*, 56 M.J. 271, 273 (C.A.A.F. 2002) (citation and internal quotation marks omitted). However, the appellant bears the burden of establishing that the term is material and that the circumstances establish governmental noncompliance. *Lundy*, 63 M.J. at 302.

Here, the PTA required the appellant to "establish and maintain" an allotment in the amount of the forfeited pay for the duration of the period of automatic forfeiture protection.[8] Simply put, the appellant was not entitled to deferment of automatic forfeitures *until* he satisfied the condition precedent that he establish an allotment. The appellant failed to do this. Consequently,

---

[5] Record at 63.

[6] *Id.* at 99. The military judge also emphasized that regardless of the deferment and waiver provisions of the PTA, once the appellant reached his end of active obligated service in January 2016, his pay would cease.

[7] Trial Defense Counsel ltr 5811 Ser DEF of 14 Dec 15.

[8] AE IV.

this case does not involve government non-performance under the PTA, but rather the appellant's failure to fulfill his obligations under the agreement.

The appellant concedes that he did not establish an allotment, but avers that the "rules and procedures" attendant to his confinement, exacerbated by an indifferent command, prevented him from doing so.[9] In support of this argument, the appellant and his wife submitted declarations detailing their struggles in attempting to establish a dependent's allotment.

Neither declaration is compelling and the appellant falls well short of establishing governmental non-compliance with the PTA. Indeed, the appellant simply states that the he was "very limited . . . . as far as requesting for [his] command[']s assistance," that he "tried multiple times . . . . to set up the allotment," and he was told by command representatives that they would "make sure someone deals with the situation."[10]

Likewise, the appellant's wife merely reiterates that the appellant told her to expect to receive some portion of the appellant's pay deposited directly into her account, that the appellant's trial defense counsel told her to set up an account that only listed her as an account holder, and that, to her knowledge, she had not received any pay.[11]

What is missing from these declarations, however, is striking. The appellant was in pretrial confinement, with access to counsel, for over four months, and the PTA was submitted by the appellant and his counsel over two weeks before trial. At no point during this pretrial phase did the appellant or his trial defense counsel raise any concerns with the CA about the appellant's ability to establish a dependent allotment. At trial, the appellant raised no concerns regarding his requirement to establish and maintain an allotment when the military judge explained the effect of the PTA's automatic forfeiture protection provisions. Finally, trial defense counsel, again, raised no concerns in his post-trial clemency request to the CA.

As the appellant did not meet the condition precedent required by the PTA—that the appellant establish and maintain a dependent allotment—there was no requirement to defer automatic forfeitures before the appellant's pay ended at his EAOS in January 2016.[12] As a result, the

---

[9] Appellant's Brief and Assignment of Error of 8 Aug 2016 at 7.

[10] Appellant's Motion to Attach of 8 Aug 2916, Appellant's Declaration of 5 Aug 2016 at 2.

[11] *Id.*, Declaration of S. Dunbar of 5 Aug 2016 at 1.

[12] The appellant was not entitled to receive pay, and there was nothing for the CA to waive. Therefore, reference to waiver in the CA's action is a nullity.

appellant has not met his burden of establishing governmental noncompliance with any material term of the PTA.

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.


For the Court


R.H. TROIDL
Clerk of Court